O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL ELYAZAL, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA, N.A., a National Association; BANK OF NEW YORK MELLON, a National Association; RECONSTRUST, a Diversified Financial Services Company,<br><br>        Defendants. | Case No. EDCV 12-00963 DDP (SPx)<br><br>**ORDER TO SHOW CAUSE RE: FEDERAL QUESTION JURISDICTION** |

On May 1, 2012, Plaintiff filed a First Amended Complaint against Defendants in San Bernardino County Superior Court.[1] The FAC alleges nine cause of action, including the "Eighth Cause of Action for Violation of § 131(G) of the Truth In Lending Act ("TILA")" against Defendant Bank of New York Mellon. (FAC at 25:15-16.) On June 13, 2012, Defendants removed to this court on

---

[1] The date stamp on Plaintiff's original complaint (Ex. 1 to Notice of Removal) is illegible. Defendants assert that the complaint was originally filed on January 18, 2012.

the basis of federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441.[2] (Notice of Removal at 1-2.)

According to the FAC, Plaintiff obtained a mortgage loan in 2005. Plaintiff's Eighth Cause of action, filed in 2012, appears to seek damages under TILA. A TILA damages action, however, must be brought within one year of the occurrence of the violation. 15 U.S.C. § 1640(e).[3] It appears, therefore, that Plaintiff's TILA claim is time-barred.

The court therefore orders the parties to file cross-briefs, not to exceed ten pages, to show cause why Plaintiff's TILA cause of action should not be dismissed and this case remanded to state court for lack of subject matter jurisdiction. Failure to submit a brief within 14 days of the date of this Order may be construed as consent to dismissal and remand.

IT IS SO ORDERED.

Dated: August 7, 2012

DEAN D. PREGERSON
United States District Judge

---

[2] Defendants assert that they were never served with the FAC, and did not learn of Plaintiff's TILA claim until May 25, 2012.

[3] Though the FAC does not appear to seek rescission under TILA, the three-year statute of limitations for rescission claims also appears to have expired. See 15 U.S.C. 1635(f).

2